UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS E. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03CV1512 CEJ |
| ) | |
| UNITED STATES POSTAL SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John E. Potter's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 41(b). The Plaintiff has not filed a response, and the time allowed for doing so has expired.

On October 22, 2003, Plaintiff filed a complaint against John E. Potter, Postmaster General; the United States Postal Service; National Association of Letter Carriers, AFL-CIO, Branch 343; and Keith Gentry. Plaintiff alleges that the Defendants John E. Potter and the United States Postal Service terminated her on the basis of race, sex, and disability, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In addition, Plaintiff maintains that Defendants National Association of Letter Carriers, AFL-CIO, Branch 343 and Keith Gentry breached their duty of fair representation.

On June 21 and 23, 2005, Defendants filed motions to compel discovery, indicating Plaintiff's continuous refusal to respond to discovery requests. The Court then issued a Show Cause Order on June 29, 2005. In response, Plaintiff stated that she was seeking counsel. On July 19, 2005, the Court granted the Defendants' motions to compel, noting that pro se plaintiffs have a duty to comply with the Federal Rules of Civil Procedure. (Memorandum and Order of 7/19/05) In addition, the

Court found that Plaintiff had not complied with the rules of discovery or with the Court's Case Management Order, which set July 13, 2005 as the discovery completion date. The Court ordered Plaintiff to file her responses to the discovery requests within Fourteen days and stated that "[f]ailure to comply with any part of this Memorandum and Order will result in dismissal." (Memorandum and Order of 7/19/05)

On July 29, 2005, Plaintiff filed a response to this Court's Memorandum and Order objecting to some of the discovery requests. However, Plaintiff attached Exhibits A and B "as an act of good faith" and indicated that she would make any documents not subject to objections available for copying at a mutually agreeable time and place. On August 5, 2005, Defendant Potter filed a Notice of Plaintiff's Noncompliance with Court's Order. Defendant stated that Plaintiff failed to respond to discovery requests in any way other than submission of the exhibits attached to her previous response.

On October 21, 2005, Defendant John Potter filed the instant Motion to Dismiss Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, failure to comply with the rules of discovery, and failure to comply with this Court's Order of July 19, 2005. Plaintiff has not responded.

Under Fed. R. Civ. P. 41(b), "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Defendant Potter alleges in his motion that he has not been able to obtain even the minimum discovery necessary to defend the action. As this Court previously informed Plaintiff, she is bound by the Federal Rules of Civil Procedure and by the Orders of this Court. Plaintiff indicated in her most recent response that, while she found some document requests objectionable, she would

2

make others available. Over 3 months has passed, and Plaintiff has not complied with the rules of discovery, the Case Management Order, or the Court's Memorandum and Order of July 19, 2005. Therefore, this Court will dismiss Plaintiff's complaint against Defendant Potter with prejudice under Fed. R. Civ. P. 41(b).

Likewise, the Court will dismiss Plaintiff's complaint against Defendants United States Postal Service, National Association of Letter Carriers, AFL-CIO, Branch 343 and Keith Gentry for failure to comply with its Case Management Order setting forth discovery deadlines and for failure to comply with its Memorandum and Order of July 19, 2005 ordering Plaintiff to file her responses to Defendants' discovery requests. As previously stated, the Court notified Plaintiff that failure to comply would result in dismissal. (Memorandum and Order of 7/19/05) Due to Plaintiff's non-compliance, the Court will dismiss Plaintiff's complaint in its entirety with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John E. Potter's Motion to Dismiss [Doc. #51] is **GRANTED,** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint against Defendants United States Postal Service, National Association of Letter Carriers, AFL-CIO, Branch 343 and Keith Gentry is **DISMISSED** with prejudice for failure to comply with this Court's orders.

UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2005.